### ED GRAY v. THE STATE.

No. 4368. Decided February 28, 1917.

**1.—Assault to Murder—Aggravated Assault—Charge of Court—Adequate Cause.**

　　Where, upon trial of assault with intent to murder, the defendant was convicted of that offense, and upon appeal complained that the trial court erred

in not charging the law in regard to aggravated assault, and it appeared from the record that the alleged insulting conduct to defendant's sweetheart occurred in defendant's presence and the alleged assault by defendant upon the party injured about twenty-four hours thereafter when they again met, he could not claim the benefit of sudden passion arising from the cause stated.

### 2.—Same—Cooling Time—Charge of Court.

Upon trial of assault to murder, the question of cooling time did not arise on the evidence so that a charge on aggravated assault should have been given from that viewpoint.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*George W. Dupree,* for appellant.—On question of refusal of court to charge on aggravated assault: Lane v. State, 29 Texas Crim. App., 310; Ex parte Jones, 31 Texas Crim. Rep., 422; Maxwell v. State, 56 id., 62; Martin v. State, 40 Texas Crim. Rep., 660; Gaines v. State, 67 Texas Crim. Rep., 325; Singleton v. State, 74 Texas Crim. Rep., 71; Stewart v. State, 52 Texas Crim. Rep., 100; Akin v. State, 56 Texas Crim. Rep., 324; Willis v. State, 74 Texas Crim. Rep., 16; Kincaid v. State, 65 Texas Crim. Rep., 464; Fox v. State, 71 Texas Crim. Rep., 318; Walker v. State, 70 Texas Crim. Rep., 84; Gay v. State, 58 Texas Crim. Rep., 472, 125 S. W. Rep., 896; McGregor v. State, 71 Texas Crim. Rep., 604, 160 S. W. Rep., 711.

*E. B. Hendricks,* Assistant Attorney General for the State.—Vernon's Penal Code, p. 683.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

The only question presented is whether the court erred in not charging the law in regard to aggravated assault and battery. The facts pertaining to this question may be briefly stated as follows: On Saturday night the alleged assaulted party, as claimed by appellant, stated in the presence of his sweetheart, who was then under his protection, to whom he was engaged to be married, that his kidneys were hurting him very much and he would have to lie down. Appellant protested against such language in the presence of his sweetheart and some other lady who was present, and that Rose, the assaulted party, used some vigorous language indicating that he did not care whether they liked to hear what he said or not. Rose, the assaulted party, did not agree, nor did any of the others, with appellant upon this statement, but take the appellant's statement as the criterion upon which the charge should

be predicated, was he entitled to have the question presented in the charge. However, taking any view of it, was appellant entitled to a charge on aggravated assault? If the question of aggravated assault was in the case, it is by reason of insulting conduct to the young lady on Saturday night while really or qualifiedly under the protection of appellant. Appellant was present and heard and witnessed all that occurred. There was nothing done further than an expostulation on his part. The following Sunday evening, in the neighborhood of twenty-four hours later, he went to where Rose, the assaulted party, was at a nearby schoolhouse; he took his pistol with him and called Rose to account for it, and shot him, the ball entering near or close to the left eye and passing out near the back of the neck.

If aggravated assault is in the case, it is by reason of the insulting conduct claimed by appellant to have occurred on Saturday night. In order to constitute this cause for sudden passion, appellant should have acted at the time he heard it. The question of his acting as soon as he met the injured party after being informed of the insult does not apply in this case. He was present at the time and heard what occurred. Under the statute he was then called on to act in order to get the benefit of the sudden passion arising from the cause stated. It was too late to wait twenty-four hours and then seek the injured party and shoot him. The question of cooling time does not arise so that a charge on aggravated assault could be given from that viewpoint. We are of opinion that the court was not in error in failing to charge the law of aggravated assault.

There being no other question in the record the judgment will be affirmed.

*Affirmed.*